UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| MALCOLM SANCHEZ SIMMONS, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) | Nos. 2:19-CV-128 <br> 2:17-CR-119 |

## **MEMORANDUM OPINION**

Before the Court is Malcolm Sanchez Simmons' ("Petitioner's") *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [Doc. 1; Criminal Docket ("Crim.") Doc. 33].¹ The United States has responded in opposition [Doc. 10]. Petitioner did not file a reply, and the time for doing so has passed. *See* Rule 5(d) of the Rules Governing Section 2255 Proceedings for the United States District Courts; *see also* [Doc. 7]. For the reasons below, Petitioner's § 2255 motion [Doc. 1; Crim. Doc. 33] will be **DENIED**.

   **I.   BACKGROUND**

In November 2017, Petitioner was charged in a one-count indictment for knowingly possessing a firearm transported in interstate commerce, having previously been convicted of a crime punishable by imprisonment for a term exceeding one year. [Crim. Doc. 1].

---

¹ Document numbers not otherwise specified refer to the civil docket.

On February 1, 2018, Petitioner entered into a plea agreement with the government. [Crim. Doc. 16]. Petitioner agreed to plead guilty to the indictment and specifically pled guilty to facts which satisfy the offense elements. [*See id.*] The plea agreement was signed by Petitioner and attorney Gene Scott.

In his plea agreement, Petitioner acknowledged that on March 11, 2017, Johnson City Police Officers investigated a domestic assault incident and a warrant was obtained for Petitioner as a result of the investigation. [*Id.* at 2]. On March 12, 2017, Johnson City Police Officers located Petitioner sleeping in a back bedroom and found a blue backpack near the bed which Petitioner had in his possession when he arrived at the apartment where officers found him. [*Id.*]. Petitioner was arrested for aggravated domestic assault, and officers recovered a 40 caliber Taurus Model 740, a semi-automatic pistol, thirteen rounds of ammunition, and a glass jar containing marijuana from Petitioner's backpack. [*Id.*]. Petitioner was under a probation contract through the State of Tennessee agreeing to warrantless searches of his property by any probation officer or law enforcement officer at any time, without reasonable suspicion. [*Id.*]. The firearm was examined and determined to have been manufactured outside Tennessee, thus traveling in interstate commerce. [*Id.*]. Petitioner further agreed that, for the purposes of the plea agreement, he had been convicted in a court of a crime punishable by imprisonment for a term in excess of one year, specifically agreeing to convictions for Possession of Schedule IV with intent to sell or deliver in 2011 in Washington County, TN and Robbery in 2012 in Carter County, TN. [*Id.*].

2

Case 2:19-cv-00128-RLJ-CRW   Document 12   Filed 12/01/20   Page 2 of 13   PageID #: 41

The Court conducted a change of plea hearing on March 12, 2018. Although there is no transcript of that hearing in the record, the minute entry reflects that the Court confirmed that Petitioner indeed wished to plead guilty, was arraigned and specifically advised of his rights pursuant to Fed. R. Crim. Pro. Rule 11, was questioned regarding his physical and mental condition, and that he wished to move to change his plea to guilty. [Crim. Doc. 18].

The presentence investigation report ("PSR") calculated a total offense level of 25 and criminal history category of VI, resulting in a guideline range of 110 to 137 months, with a restricted range of 110 months to 120 months as the statutory maximum term was 10 years. [Crim. Doc. 19, ¶¶ 88-89].

Petitioner, through counsel, filed a notice of objections to the PSR wherein Petitioner objected to the 4-point enhancement in paragraph 17 of the PSR and also objected to the PSR not identifying any factors which would warrant a variance, stating that being sentenced as a criminal history category VI overstates the seriousness of the criminal conduct and could be a basis for the Court to grant a variance. [Crim. Doc. 20]. Petitioner, through counsel, also filed a sentencing memorandum, requesting a variance from the guideline range based on the new sentencing procedures set forth in *United States v. Booker*, 543 U.S. 220, 245 (2005) and arguing that Petitioner's criminal history should be reclassified as category III. [Crim. Doc. 24]. Petitioner's counsel, in his sentencing memorandum, specifically referenced Petitioner's prior convictions of underage consumption of alcohol, driving on a suspended license, simple possession of a Schedule II, improper tags, and failure to appear, all of which occurred when Petitioner was 18 and

3

Case 2:19-cv-00128-RLJ-CRW   Document 12   Filed 12/01/20   Page 3 of 13   PageID #: 42

19 years old. [*Id*. at 6]. Petitioner, through counsel, argued that the seven points from those convictions raised Petitioner criminal history category three levels and that seriousness of those offenses is not commensurate with the impact they have on sentencing, as a category III criminal history would put Petitioner in an advisory guideline range of 46 to 57 months instead of the 77 to 96 months he would face as a category VI offender. [*Id*. at 6-7]. Petitioner, through counsel, requested a sentence of no greater than 46 months. [*Id*. at 8].

The government filed a notice of no objections to the PSR. [Crim. Doc. 21]. The government also filed a sentencing memorandum wherein it indicated that the correct advisory guideline calculation was 110 to 120 months imprisonment and conceded that there was not sufficient proof to support the 4-point enhancement in paragraph 17 of the PSR by a preponderance of the evidence. [Crim Doc. 23]. An Addendum to the PSR was filed wherein, based on Petitioner's counsel's objection to the four-point enhancement, and the Government's concession regarding the evidence for that enhancement, should the Court sustain Petitioner's objection, the new total offense level would be 21, resulting in a new guideline range of 77 to 96 months. [Crim. Doc. 25].

On July 17, 2018, the Court sentenced Petitioner to a total of 84 months' imprisonment, after sustaining Petitioner's objection to the enhancement, and denying Petitioner's motion for downward variance. [Crim. Doc. 28, p. 2; *see also*, Crim Doc. 26]. Petitioner did not file a direct appeal, but on July 18, 2019, he filed this timely § 2255 motion.

II.     **STANDARD OF REVIEW**

4

Under § 2255(a), a federal prisoner may move to vacate, set aside, or correct his judgment of conviction and sentence if he claims that the sentence was imposed in violation of the Constitution or laws of the United States, that the court lacked jurisdiction to impose the sentence, or that the sentence is in excess of the maximum authorized by law or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). As a threshold standard, to obtain post-conviction relief under § 2255, the motion must allege: (1) an error of constitutional magnitude; (2) a sentence imposed outside the federal statutory limits; or (3) an error of fact or law so fundamental as to render the entire criminal proceeding invalid. *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003); *Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003).

A movant bears the burden of demonstrating an error of constitutional magnitude which had a substantial and injurious effect or influence on the criminal proceedings. *See Reed v. Farley*, 512 U.S. 339, 353 (1994) (noting that the Petitioner had not shown that his ability to present a defense was prejudiced by the alleged constitutional error); *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993) (addressing the harmless-error standard that applies in habeas cases alleging constitutional error). In order to obtain collateral relief under § 2255, a movant must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982).

When a defendant files a § 2255 motion, he must set forth facts which entitle him to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961). A movant must prove that he is entitled to relief by a preponderance of evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). A

motion that merely states general conclusions of law, without substantiating the allegations with facts, is without legal merit. *Loum v. Underwood*, 262 F.2d 866, 867 (6th Cir. 1959); *United States v. Johnson*, 940 F. Supp. 167, 171 (W.D. Tenn. 1996).

Under Rule 8(a) of the Governing Rules, the Court is to review the answer, any transcripts, and records of prior proceedings and any material submitted under Rule 7 to determine whether an evidentiary hearing is warranted. Rules Governing Section 2255 Proceedings, Rule 8(a). If a petitioner presents a factual dispute, then "the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Huff v. United States*, 734 F.3d 600, 607 (6th Cir. 2013) (quoting *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007)). An evidentiary hearing is not required "if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of facts." *Valentine*, 488 F.3d at 333 (quoting *Arrendondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)). The Court **FINDS** no need for an evidentiary hearing in the instant case.

### III. ANALYSIS

As an initial matter, Petitioner raises two claims in this § 2255 motion: 1) ineffective assistance of counsel for failing to object that a violation of Tenn. Code Ann. § 39-17-417 is a controlled substance offense, and 2) ineffective assistance of counsel for failing to object to Petitioner's criminal history category designation. [Doc. 1; Crim. Doc. 33].

### A. Claim 1 – Ineffective Assistance of Counsel for Failing to Object to the Controlled Substance Enhancement

6

Petitioner argues that counsel was ineffective because he failed to argue that the controlled substance offense attributed to Petitioner under Tenn. Code Ann. § 39-17-417 is "categorically not a controlled substance offense under the guidelines" according to *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019)(*en banc*). [Doc. 2, p. 1]. The United States argues that the enhancement was properly applied as violations of Tenn. Code Ann. § 39-17-417(a)(4) have been explicitly held by the Sixth Circuit, both before and after *Havis*, to categorically qualify as controlled substance offenses. [Doc. 10, p. 3].

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defense." U.S. Const. amend. VI. A criminal defendant's Sixth Amendment right to counsel necessarily implies the right to "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under the *Strickland* standard for proving ineffective assistance of counsel, a movant must show: (1) that counsel's performance was deficient; and (2) that the deficient performance prejudiced the defense. *Id*.

To prove deficient performance, the movant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. The appropriate measure of attorney performance is "reasonableness under prevailing professional norms." *Id*. at 688. A movant asserting a claim of ineffective assistance of counsel must "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id*. at 690. The evaluation of the objective reasonableness of counsel's performance must be made "from counsel's perspective at the time of the alleged error and in light of all the

7

circumstances, and the standard of review is highly deferential." *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986). It is strongly presumed that counsel's conduct was within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 690.

The prejudice prong "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is unreliable." *Id.* at 687. The movant must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different[.]" *Id.* at 703. Counsel is constitutionally ineffective only if a performance below professional standards caused the defendant to lose what he "otherwise would probably have won." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992).

Petitioner's claim fails at *Strickland's* first step. Petitioner claims his counsel was ineffective for failing to raise a *Havis* argument, but the *Havis* decision occurred after Petitioner's final judgment. Counsel is not ineffective for failing to predict a future change in the law. *United States v. Burgess*, 142 F. App'x 232, 241 (6th Cir. 2005); *see also Nichols v. United States*, 563 F.3d 240, 253 (6th Cir. 2009) (holding counsel not deficient for failing to foresee change in law). Counsel's actions are "evaluat[ed]" from "counsel's perspective at the time." *United States v. Peake*, No. 5:15-CR-52-JMH-CJS, 2019 WL 4308769, at *2 (E.D. Ky. Aug. 20, 2019), report and recommendation adopted, No. 5:15-CR-052-JMH-CJS, 2019 WL 4307863 (E.D. Ky. Sept. 11, 2019). Thus, this claim of deficient performance is unfounded for that reason alone.

Even if Petitioner's counsel had argued against the enhancement for a prior controlled substance crime, Petitioner has not shown prejudice as he has not shown that,

8

but for counsel's failure, the result would have been different. *Strickland*, 466 U.S. at 694. The Sixth Circuit has determined that *Havis* is only implicated for an attempted crime and does not apply to completed crimes under Tenn. Code Ann. § 39-17-417(a)(4). *United States v. Garth*, 965 F.3d 493, 499 (6th Cir. 2020) ("As the majority opinion lays out, regardless of whether delivery includes attempted delivery, possession with intent to deliver under Tennessee law is a completed crime, not an attempted one that would implicate *Havis*.").

Accordingly, Petitioner's claim will be **DENIED** as Petitioner has not shown that his counsel was ineffective.

## B. Claim 2 – Ineffective Assistance of Counsel for Failing to Object to Petitioner's Criminal History Category Designation

Petitioner's argument for ineffective assistance of counsel for failing to object to his criminal history category designation is actually an argument that the Court erred in including the two separate charges for underage consumption of alcohol in calculating Petitioner's criminal history category. [Doc. 2, p. 2]. Petitioner argues that, under *United States v. Cole*, 418 F.3d 592, 600 (6th Cir. 2005), certain misdemeanors and petty offenses are never to be included in criminal history categorization such as, public intoxication and juvenile status offenses. [*Id*.]. He argues that his criminal history should have been corrected to a Category IV rather than a Category VI. [*Id*.].

The United States argues that the Sixth Circuit has explicitly replaced the *Cole* test with a common-sense approach to prior convictions and criminal history categorization. [Doc. 10, p. 4] (internal citations omitted). Further, Petitioner's underage consumption

9

convictions required Petitioner to server 274 and 155 days in jail, respectively, and thus the Court could have found that his repeated convictions were not sufficiently similar to juvenile offense and that the criminal history points were rightly assessed for those offenses. [*Id*.].

The Court first notes that Petitioner is precluded from making this argument by the collateral attack provision in his plea agreement. When a defendant knowingly, intelligently, and voluntarily waives the right to collaterally attack his sentence, he is precluded from bringing such claims. *Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001) (citing to *United States v. Fleming*, 239 F.3d 761, 763 (6th Cir. 2001). A waiver in a plea agreement is generally considered knowing and voluntary if a defendant testified that his guilty plea was not coerced and that he reviewed and understood the agreement terms. *Id.* An exception to the general rule exists if the collateral attack concerns the validity of the waiver itself. *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007). However, in situations where the § 2255 motion does not articulate a basis for attacking the validity of the waiver, the Sixth Circuit and lower courts within the Circuit have upheld collateral attack waivers if the waivers were knowing and voluntary. *Watson v. United States*, 165 F.3d at 486, 489 (6th Cir. 1999); *United States v. Eversole*, No. 6:05-cr-34, 2010 WL 420067, at *2, n.3 (E.D. Ky. Feb. 1, 2010).

In this case, Petitioner signed a Plea Agreement containing the following waiver provision: "[t]he defendant will not file any motions or pleadings pursuant to 28 U.S.C. § 2255 or otherwise collaterally attack the defendant's conviction(s) or sentence, with two exceptions: The defendant retains the right to file a §2255 motion as to (i) prosecutorial

10

misconduct and (ii) ineffective assistance of counsel." [Crim. Doc. 16, p. 7]. Moreover, Petitioner does not challenge the validity of the actual waiver, suggest that he did not understand the waiver, or claim that he did not sign it voluntarily. Accordingly, because Petitioner is not attacking the validity of the plea itself, and because he expressly waived the right to collaterally attack his conviction except for claims of ineffective assistance of counsel and prosecutorial misconduct, Claim 2 is barred by the knowing and voluntary waiver contained in the binding Plea Agreement. *See Davila*, 258 F.3d at 451.

To the extent that Petitioner is attempting to allege ineffective assistance of counsel, Petitioner's claim fails at *Strickland's* second step. Petitioner's unsupported allegations regarding his counsel's failure to file motions regarding Petitioner's age and the severity of his prior criminal history are directly contradicted by the record and are not credited. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Petitioner's counsel filed a motion for a downward variance specifically citing to Petitioner's age at the time of his prior offenses and the level of severity of those offenses. [Crim. Doc. 24, pp. 6-7]. Petitioner's counsel specifically requested the Court to vary from the sentencing guidelines and treat Petitioner as having a criminal history category III and an offense level 21 and sentence him to 46 months' imprisonment [*Id.* at 6], which the Court denied at sentencing. [Crim. Doc. 26]. Further, Petitioner has not alleged that he would not have pled guilty or proceeded to trial but for counsel's mis-advice. Petitioner thus cannot bear his burden of showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

11

Accordingly, Petitioner's Claim 2 will be **DENIED** as the record directly contradicts Petitioner's claims, and Petitioner has not shown that he was prejudiced by any alleged ineffectiveness of counsel.

## IV. CONCLUSION

For the reasons above, Petitioner's § 2255 motion [Doc. 1; Crim. Doc. 33] will be **DENIED** and **DISMISSED**.

## V. CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if a petitioner has demonstrated a "substantial showing of a denial of a constitutional right." *Id.* The district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Id.*

A petitioner whose claims have been rejected on the merits satisfies the requirements of § 2253(c) by showing that jurists of reason would find the assessment of the claims debatable or wrong. *Slack*, 529 U.S. at 484. Having examined Petitioner's claim under the *Slack* standard, the Court finds that reasonable jurists could not find that the dismissal of those claims was debatable or wrong. Therefore, the Court will **DENY** issuance of a certificate of appealability.

A separate judgment will enter.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge